REVERE COPPER & BRASS, INC. *vs.* WILLIAM M. J. CRAIG.

JANUARY 12, 1932.

PRESENT: Stearns, C. J. Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of replevin to recover 62 copper machine rolls sold by plaintiff to Clyde Print Works, Inc., under a conditional sales agreement. Defendant claims a common law lien for unpaid work in engraving the rolls at the request of Clyde Print Works, Inc.

The action was tried by a justice of the Superior Court without a jury. The decision was for the defendant. The action is in this court on the plaintiff's bill of exceptions. The only substantial exception is to the decision sustaining defendant's lien. The facts are not in dispute.

The rolls were sold and delivered by plaintiff to Clyde Print Works, Inc., May 26, 1930. The agreement for the sale contains a description of the rolls and the numeral marking of each; it also provides that the title to the rolls is to remain in the vendor until the purchase price is paid in full; that the rolls are to be set up, installed and used on the premises of Clyde Print Works, Inc., also that the vendee, without the written consent of the vendor, will not remove said property or any part of it and will not permit its removal to any other situation before the stated purchase price has been paid in full; that the vendee shall keep the property insured for the benefit of the vendor and, if the vendee fails to make any payment when due, or offers to or does sell, mortgage, pledge, assign, dispose of or remove said property or any part of it, or permit another so to do or if said property or any part of it comes into the possession or custody of another without the written consent of the vendor, or if said property is subjected to any levy or process of law directed against the vendee, then the vendor may, without notice to and without obstruction by the vendee or by any person on its behalf, enter upon its premises or into any place or places where said property may be and take possession of the same and dispose of it without being accountable to the vendee for so doing, or for the proceeds of any sale by the vendor or for the repayment of any sum paid by the vendee on account of the purchase price stated.

In August, 1931, Clyde Print Works, Inc., without the consent of plaintiff, sent these rolls to defendant's shop to be engraved. In November, Clyde Print Works, Inc., was adjudged insolvent and a receiver was appointed to administer its estate. Partial payment only has been made for the rolls. Plaintiff, after an investigation, found the rolls in the possession of defendant and made demand therefor which was refused. This action of replevin was then begun.

Plaintiff manufactures blank copper machine rolls to be used for printing textiles. They are engraved by or for the printer of textiles with designs which may be and often are changed by erasing one engraving and making another.

Defendant claims that, as plaintiff knew the rolls had to be engraved to be of use to vendee, there was consequently an implied consent by the vendor that the vendee could have the work done which was necessary to make the rolls usable; that, in view of the known and intended use of the rolls, they were, when sold, an unfinished product. Rolls of this kind are in common use for printing textiles; they are finished commercial wares when they leave the factory of the makers and can be sold by the purchaser or used in his business as he chooses. Any particular use of the rolls by vendee is not provided for in the contract. By the express terms of the contract the vendee was forbidden to remove or to permit the removal of the rolls from its premises. The manifest purpose of this provision was to prevent third parties from acquiring any claim to or right in the property prior to that of the vendor. This was a conditional sale by the terms of which title was to remain in the vendor until full payment was made therefor; it was not subject to the statutory requirements of registration of chattel mortgages and, in the absence of fraud, the condition of the sale is valid and binding alike upon the parties and others. *Arnold* v. *Chandler Motors of R. I., Inc.*, 45 R. I. 469. See also *Providence Buick Co.* v. *Pitts*, 45 R. I. 145. The work of defendant added nothing to the com-

mercial value of the rolls; on the contrary, it reduced such value.

The terms of the contract are clear and explicit and refute the claim of consent by the vendor, either express or implied, to the creation of any lien thereon. Permitting the vendee to have the ostensible ownership of chattels while the vendor retains the unrevealed title may result in hardship to others. But as was stated in the opinion in the *Arnold* case, *supra*, the remedy for any such injury is by legislative action. Such action has already been taken by the legislature in some kinds of business as for example in G. L. 1923, C. 301, Sec. 30, the lien of jewelers and in Public Laws 1925, C. 606, the act in relation to the lien of spinners, bleachers, dyers, printers or finishers of textiles and cotton goods.

In the circumstances, there is no basis to support by implication the consent of the vendor to the creation of the lien claimed. It is not claimed that there was any express consent.

The exception to the decision establishing the lien is sustained. The defendant on January 15, 1932, may appear and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff.

*Tillinghast & Collins, Harold E. Staples, Russell P. Jones,* for plaintiff.

*Grim, Littlefield & Eden, Benjamin W. Grim,* for defendant.